UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                Criminal No. 07-20343
                                                Judge Thomas L. Ludington

DENNIS JONES,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO OPEN DIRECT APPEAL RIGHTS AND HAVE COURT APPOINTED ATTORNEY

On May 1, 2008, the Court sentenced Defendant Dennis Jones to twenty months imprisonment and six years of supervised release for conspiracy to possess with intent to distribute and to distribute Oxycodone. Defendant's sentence was consistent with the plea agreement signed on January 11, 2008. On May 2, 2008, the Court entered judgment accordingly, and on June 24, 2008, Defendant returned a copy of the judgment executed.

On August 18, 2008, Defendant filed the motion currently before the Court, entitled "Motion to Open Direct Appeal Rights & Have Court Appointed Attorney." Defendant requests that the Court "open his Direct Appeal rights and appoint him counsel." Defendant contends that the Court did not notify him of his appellate rights. He also asserts that his court appointed attorney stated at the sentencing hearing that he would not be representing Defendant on appeal.

To appeal a sentence, a criminal defendant must file a notice of appeal in the district court within ten days of entry of judgment. Fed. R. App. P. 4(b)(1)(i). The district court has discretion to extend the time to file the notice "for a period not to exceed thirty days." Fed. R. App. P. 4(b)(4).

In order to do so, the district court must make a "finding of excusable neglect or good cause." *Id.* Thus, under some circumstances, a defendant may have up to a maximum of forty days after the entry of judgment to file a notice of appeal.

It is well recognized that forty days is the "outer limit" for the time within which a notice of appeal can be filed. *United States v. Wrice*, 954 F.2d 406, 409 (6th Cir. 1992). *See also United States v. Cheek*, 761 F.2d 461, 462 (8th Cir. 2001) ("[a]fter the forty day period expires, there is nothing that either a district court or a court of appeals can do to extend the time . . . ."); *United States v. Awalt*, 728 F.2d 704, 705 (5th Cir. 1984); United *States v. Dumont*, 936 F.2d 292, 294-95 (7th Cir. 1991); *United States v. Avery*, 658 F.2d 759, 761 (10th Cir. 1981). A court may construe a document filed within forty days, but which does not conform with the formal notice of appeal requirements of the Federal Rule of Appellate Procedure 3 as a notice of appeal. *United States v. Hoye*, 548 F.2d 1271, 1273 (6th Cir. 1977) (finding a document that "represents a clear assertion of an intent to appeal" may be treated as a notice of appeal); *United States v. Christoph*, 904 F.2d 1036, 1039-1040 (6th Cir. 1990) (motion for enlargement of time to appeal treated as notice of appeal).

In this case, Defendant's "Motion to Open Direct Appeal Rights & Have Court Appointed Attorney" was filed more than three months after entry of judgment. Thus, even if the Court finds the motion "represents a clear assertion of an intent to appeal," *Hoye*, 548 F.2d at 1273, and treats the motion as a notice of appeal, the Court cannot authorize the appeal because it falls outside the forty-day outer limit of Rule 4(b)(4). Likewise, even if the Court could find Defendant did not file within the ten days required by Rule 4(b)(1)(i) due to "excusable neglect" or "good cause," the Court cannot extend the time to appeal beyond the forty-day limit.

Recognizing that the Sixth Circuit has required "vacation of the sentence and remand to the district court for resentencing and notice as to the right of appeal" when the district court does not

advise the defendant of his right to appeal his sentence, *United States v. Butler*, 938 F.2d 702, 703 (6th Cir. 1991), the Court has reviewed the transcript from Defendant's sentencing hearing. Defendant's contention that he was not notified of his appellate rights is unsubstantiated. At the sentencing proceeding, the Court had the following exchange with Defendant and his attorney, Mr. Richard H. Morgan, Jr.:

> THE COURT: Mr. Morgan, there is and I would take this up I guess directly with Mr. Jones. As a part of the plea arrangements in this case there's a waiver of a number of issues that could be taken up with the appellate court as part of the plea arrangement. To the extent you retain any right of review as a part of the plea agreement with the Court of Appeals. However you need to understand that the papers to commence that process need to be filed within ten days of today's date. Mr. Morgan, to the extent that the gentleman wishes to exercise that right will you continue your representation of him through that juncture?
>
> MR. MORGAN: Oh, no, Judge. I think that Mr. Jones feels today that I probably let him down and I feel like I let him down too. And I don't think that he would feel comfortable and I don't think, he has many rights available to him, that I should be the person to pursue any appeals that he may have.
>
> THE COURT: Indeed. I was not asking for you to assist, the appellate court would appoint counsel if he wishes to pursue the appeal. My concern is to make sure that if the gentleman wishes to exercise those rights that the initial papers get filed within ten days in order to accomplish that.
>
> MR. MORGAN: Yes, Your Honor.

(Tr. Sent. Hr'g 30-31). The Court concludes that Defendant was notified of any rights he had to appeal.

Based on the foregoing, including the Court's authority to extend the time to file a notice of appeal to forty days under Rule 4(b)(4), the Court cannot grant Defendant's request. At this juncture, any possible relief must be provided to Defendant by the Sixth Circuit Court of Appeals.

Accordingly, it is **ORDERED** that Defendant's motion to open direct appeal rights and have a court appointed attorney [Dkt. # 22] is **DENIED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: September 4, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 4, 2008.

s/Tracy A. Jacobs  
TRACY A. JACOBS